UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE A. BARRETTE, | No. C 08-635 MHP (pr) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| TILMAN, Director of Corrections; et al., | |
| Defendants. | |

Mike A Barrette, an inmate at San Quentin State Prison, filed this pro se civil rights action under 42 U.S.C. § 1983. In his complaint, he alleges that prison officials have miscalculated his maximum parole discharge date and have extended the date of his release from prison. In his prayer for relief, he requests release from prison and compensation "for time spent in the various forms of custody." Complaint, p. 4.

The complaint does not state a claim for relief. Barrette's damages claim runs afoul of a line of cases that bars a damages claim for unconstitutional imprisonment until the underlying erroneous decision is set aside. In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-487 (1994). Heck bars a claim of unconstitutional deprivation of time

credits because such a claim necessarily calls into question the lawfulness of the plaintiff's continuing confinement, i.e., it implicates the duration of the plaintiff's sentence. Sheldon v. Hundley, 83 F.3d 231, 233 (8th Cir. 1996). The damages claim is dismissed without prejudice to Barrette filing a new action for damages after he has had the CDCR's decision (that allegedly extends his time in prison and on parole) set aside.

To the extent Barrette wants to seek release from prison, the request must be made in a petition for writ of habeas corpus rather than in a civil rights complaint, Preiser v. Rodriguez, 411 U.S. 475, 500 (1973), but not until he exhausts state judicial remedies, Granberry v. Greer, 481 U.S. 129, 134 (1987), for each of his claims. That is, Barrette must present his claims concerning the calculation of his release date and parole time to the California Supreme Court (e.g., in a petition for writ of habeas corpus) and give that court a fair opportunity to rule on the merits of his claims before he may present them to the federal court in a petition for writ of habeas corpus.

For the foregoing reasons, this action is DISMISSED without prejudice to Barrette filing a new civil rights action if the prison and parole time calculation decision that he claims is erroneous is ever set aside or otherwise invalidated. The clerk shall close the file.

IT IS SO ORDERED.

Dated: September 23, 2008

_____
Marilyn Hall Patel
United States District Judge